# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FARMLAND INDUSTRIES, et al., | ) | Case No. 02-50557 |
| | ) | |
| Debtors. | ) | Joint Administration |
| | ) | |
| HAROLD DEAN CLEBERG, ROBERT HONSE, TERRY CAMPBELL, ALBERT SHIVLEY, LYMAN ADAMS JR., RON AMUNDSON, BAXTER ANKERSTJERNE, JODY BEZNER, RICHARD DETTEN, STEVEN ERDMAN, HARRY FEHRENBACHER, MARTIE FLOYD, WARREN GERDES, BEN GRIFFITH, GAIL HALL, BARRY JENSEN, RON JURGENS, WILLIAM KUHLMAN, GREG PFENNING, MONTE ROMOHR, JOE ROYSTER, E. KENT STAMPER, ELI VAUGHN, FRANK WILSON, TOM GIST, DONALD GALES, DONALD ANTHONY, LARRY DAHLSTEN, and OTIS MOLZ, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary Proceeding No. 05-4099 |
| | ) | |
| J.P. MORGAN TRUST COMPANY, N.A., in its Capacity as Trustee of the FI LIQUIDATING TRUST, and FARMLAND INDUSTRIES, INC., n/k/a Reorganized FLI, Inc., | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter comes before the Court on the motion to dismiss filed by Defendant J.P. Morgan Trust Co., N.A., in its capacity as Liquidating Trustee of the FI Liquidating Trust ("Liquidating Trustee"), on June 16, 2005. All of the parties have filed pleadings responsive to the Liquidating Trustee's motion – the

Plaintiffs, twenty-nine former officers and directors[1] of the Debtor, Farmland Industries, Inc., filed a response objecting to the Liquidating Trust's motion, the Liquidating Trustee replied to the Plaintiffs' response, and Co-Defendant Reorganized FLI, Inc. joined in the Liquidating Trustee's reply. Upon consideration of the pleadings and relevant law, the Court will deny the Liquidating Trustee's motion to dismiss.

## BACKGROUND

The relevant background at this point is largely procedural. On January 26, 2005, the Liquidating Trustee filed a lawsuit ("Fiduciary Lawsuit") in this Court alleging that the Plaintiffs had breached their fiduciary duties and committed corporate waste in certain aspects of their management of the Debtor. The Plaintiffs responded to the Fiduciary Lawsuit by filing two declaratory judgment actions – this adversary proceeding ("Indemnity Action") and an action in the District Court for Douglas County, Kansas against the insurance carriers that provided Directors' and Officers' liability coverage for the Debtor.[2]

The Plaintiffs seek three things in the Indemnity Action: (1) an injunction prohibiting the Liquidating Trustee from making any further distributions of estate assets so as to ensure that funds are available to indemnify the Plaintiffs for any damages incurred as a result of the Fiduciary Lawsuit; (2) a declaratory judgment that the Plaintiffs are entitled to the immediate indemnification and advancement of attorneys' fees being expended in defending the Fiduciary Lawsuit; and (3) a declaratory judgment that the Plaintiffs are entitled to be indemnified for any judgment that might be entered against them in the Fiduciary Lawsuit. Simultaneously with the Indemnity Action, the Plaintiffs filed a motion ("TRO Motion") to immediately impose the injunction.

On May 17, 2005, the Court held a hearing on the Plaintiffs' TRO Motion. At the conclusion of the

---

[1] They are Harold Dean Cleberg, Robert Honse, Terry Campbell, Albert Shivley, Lyman Adams Jr., Ron Amundson, Baxter Ankerstjerne, Jody Bezner, Richard Detten, Steven Erdman, Harry Fehrenbacher, Martie Floyd, Warren Gerdes, Ben Griffith, Gail Hall, Barry Jensen, Ron Jurgens, William Kuhlman, Greg Pfenning, Monte Romohr, Joe Royster, E. Kent Stamper, Eli Vaughn, Frank Wilson, Tom Gist, Donald Gales, Donald Anthony, Larry Dahlsten, and Otis Molz.

[2] The insurance carriers are Federal Insurance Company, Gulf Insurance Company, and St. Paul Mercury Insurance Company.

hearing, the Court orally denied the TRO Motion without prejudice to refile it at a later date. The Court subsequently entered a written order on June 16, 2005, incorporating the Court's oral ruling.

The Liquidating Trustee now comes before the Court seeking a dismissal of the Indemnity Action.

## ANALYSIS

The Liquidating Trustee makes several different arguments in support of the dismissal of the Indemnity Action, but the crux of each argument is the same – that dismissal will promote judicial economy and efficiency.[3] The Court disagrees. Rather than increase judicial efficiency and conserve resources, dismissal would have the opposite effect since the Liquidating Trustee has not asked the Court to actually eliminate (*i.e.*, dismiss with prejudice) any of the Plaintiffs' claims at this juncture. The Liquidating Trustee only argues that the Plaintiffs should be required to incorporate all of their claims in the Fiduciary Lawsuit.

The Court recognizes that the two actions are logically related and that trying both cases separately would surely be inefficient. However, resources could be conserved and judicial efficiency increased by taking the significantly less drastic step of consolidating the two matters for trial. In that way, issues common to both lawsuits can be addressed together without the additional time and resources likely to be expended if the Plaintiffs are forced to transpose all of their claims into the Indemnity Action.

## CONCLUSION

For the reasons stated above, the Court will deny the Liquidating Trustee's motion to dismiss this adversary proceeding. Further, the Court will consolidate Adversary Proceeding Numbers 05-4020 and 05-4099 for trial purposes, *sua sponte*, pursuant to Fed. R. Civ. P. 42(a), made applicable to these proceedings by Fed. R. Bankr. P. 7042(a). A separate order consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bankr. P. 9021 in each of those adversary proceedings.

**ENTERED** this 15th day of September 2005.

/s/   Jerry W. Venters
United States Bankruptcy Judge

---

[3] The Court has considered all of the Liquidating Trustee's specific legal arguments as well and finds them without merit.

Copy of the foregoing mailed electronically or
conventionally to:
Laurence M. Frazen
Mark Moedritzer
Cynthia Dillard Parres
Todd W. Ruskamp
Michael J Small