# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FARMLAND INDUSTRIES, et al., | ) | Case No. 02-50557 |
| | ) | |
| Debtors. | ) | Joint Administration |
| | ) | |
| HAROLD DEAN CLEBERG, ROBERT HONSE, TERRY CAMPBELL, ALBERT SHIVLEY, LYMAN ADAMS JR., RON AMUNDSON, BAXTER ANKERSTJERNE, JODY BEZNER, RICHARD DETTEN, STEVEN ERDMAN, HARRY FEHRENBACHER, MARTIE FLOYD, WARREN GERDES, BEN GRIFFITH, GAIL HALL, BARRY JENSEN, RON JURGENS, WILLIAM KUHLMAN, GREG PFENNING, MONTE ROMOHR, JOE ROYSTER, E. KENT STAMPER, ELI VAUGHN, FRANK WILSON, TOM GIST, DONALD GALES, DONALD ANTHONY, LARRY DAHLSTEN, and OTIS MOLZ, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary Proceeding No. 05-4099 |
| J.P. MORGAN TRUST COMPANY, N.A., in its Capacity as Trustee of the FI LIQUIDATING TRUST, and FARMLAND INDUSTRIES, INC., n/k/a Reorganized FLI, Inc., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The issue before the Court at this juncture in this Adversary Proceeding is whether the Plaintiffs are entitled to the advancement of their costs and attorneys' fees to defend an action brought against them by the Liquidating Trustee for Farmland Industries, Inc.

On January 26, 2005, J.P. Morgan Trust Co., N.A., in its capacity as Trustee of the FI Liquidating Trust ("Liquidating Trustee") filed a lawsuit ("Fiduciary Lawsuit") in this Court alleging that the Plaintiffs in this action, twenty-nine former officers and directors[1] of the Debtor, Farmland Industries, Inc., had breached their fiduciary duties and committed corporate waste in certain aspects of their management of the Debtor. The Plaintiffs responded to the Fiduciary Lawsuit by filing this Adversary Proceeding ("Indemnity Action").[2] On June 16, 2005, the Plaintiffs filed a motion for partial summary judgment in this action seeking judgment on Count II, which alleges that the Plaintiffs are entitled to the immediate indemnification and advancement of their costs and attorneys' fees associated with defending the Fiduciary Lawsuit. The Liquidating Trustee filed an objection to the Plaintiffs' motion on August 29, 2005.

The Plaintiffs' argument for summary judgment is straightforward. The Plaintiffs contend that the Debtor's Articles of Incorporation and Bylaws require the Liquidating Trustee to indemnify the Plaintiffs to the full extent permitted under Kansas law, and Kansas law permits the advancement of litigation costs; therefore, they argue, that the Liquidating Trustee is obligated to advance the Plaintiffs' litigation costs.

In response, the Liquidating Trustee argues that: 1) the Articles and Bylaws do not mention the advancement of litigation costs and, under analogous Delaware case law, blanket obligations to indemnify directors and officers to the "full extent permitted under law" are insufficient to obligate a corporation to advance litigation costs; 2) Kansas law only permits the advancement of litigation costs where the board of the corporation authorizes it, and the Liquidating Trustee (standing in the shoes of the board) has not done so; and 3) under Kansas law, the Plaintiffs are only entitled to indemnification, including the advancement of

---

[1] They are Harold Dean Cleberg, Robert Honse, Terry Campbell, Albert Shivley, Lyman Adams Jr., Ron Amundson, Baxter Ankerstjerne, Jody Bezner, Richard Detten, Steven Erdman, Harry Fehrenbacher, Martie Floyd, Warren Gerdes, Ben Griffith, Gail Hall, Barry Jensen, Ron Jurgens, William Kuhlman, Greg Pfenning, Monte Romohr, Joe Royster, E. Kent Stamper, Eli Vaughn, Frank Wilson, Tom Gist, Donald Gales, Donald Anthony, Larry Dahlsten, and Otis Molz.

[2] Actually, the Plaintiffs effectively responded to the Fiduciary Lawsuit by filing two actions – this Adversary Proceeding as well as an action in the District Court for Douglas County, Kansas, against the insurance carriers that provided directors' and officers' liability coverage for the Debtor. The insurance carriers involved in the Douglas County lawsuit are Federal Insurance Company, Gulf Insurance Company, and St. Paul Mercury Insurance Company.

litigation costs, if the Plaintiffs acted in good faith when they allegedly committed the acts set forth in the Fiduciary Lawsuit, and a determination of good faith would be a fact intensive inquiry requiring significant discovery, which the parties have not yet had an opportunity to conduct. For these reasons, the Liquidating Trustee argues, the Plaintiffs' motion for partial summary judgment is premature and should be denied. With regard to this final argument, the Liquidating Trustee alternatively argues that the Plaintiffs' lack of good faith is established by positive inference from the allegations contained in the Complaint.

The matter has been fully briefed and, upon consideration of the pleadings and relevant law, the Court will grant the Plaintiffs' motion.

## STANDARD OF REVIEW

### Summary Judgment

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact.[4] Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.[5] The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment.[6] In ruling on a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are

---

[3] Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

[4] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S. Ct. 1598, 1611, 26 L.Ed.2d 142 (1970).

[5] *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (a party opposing a summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts").

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

to be drawn in his favor."[7]

---

[7] *Anderson*, 477 U.S. at 255.

**Choice of Law**

The indemnification rights at issue here arise under the Debtor's Articles and Bylaws. The Debtor is a Kansas Corporation organized under the laws of Kansas. Therefore, Kansas law, and more specifically K.S.A. § 17-6305, governs the Plaintiffs' indemnification rights. Unfortunately, there are no Kansas cases interpreting § 17-6305 with regard to the particular issues raised by the Plaintiffs' motion. In the absence of any relevant Kansas case law, at least one federal court in Kansas has looked to Delaware cases interpreting § 145 of the Delaware General Corporation Law, the statute upon which § 17-6305 is expressly patterned.[8] This Court will similarly look to Delaware law for guidance on the issues *sub judice*.[9]

## BACKGROUND

The scope of the background necessary to decide the Plaintiffs' motion is subject to some dispute. The Plaintiffs contend that the Court can render judgment based on a review of three documents: the complaint initiating the Fiduciary Lawsuit ("Complaint"), the Debtor's Articles of Incorporation ("Articles") and the Debtor's Bylaws ("Bylaws").[10] The Articles and Bylaws set forth the conditions under which the Plaintiffs are entitled to the indemnification and advancement of litigation costs, and the Plaintiffs argue that those conditions were met when the Liquidating Trustee filed the Fiduciary Lawsuit. The Liquidating Trustee, on the other hand, contends that the Plaintiffs are not entitled to any form of indemnification until the Court determines that the Plaintiffs acted in good faith in taking the actions alleged in the Fiduciary Lawsuit, and that determination cannot be made on the basis of those three documents alone; rather, that determination can only be made upon consideration of evidence the Liquidating Trustee has not had an opportunity to discover

---

[8] *Battenfeld of America Holding Co., Inc. v. Baird, Kurtz & Dobson*, 1999 WL 1096047, *2 (D. Kan. 1999).

[9] That being said, the Court's holding diverges from Delaware law with regard to one of the issues addressed herein.

[10] Several other documents are actually necessary to establish that the Articles and Bylaws are binding on the Liquidating Trustee and the post-confirmation entity known as "Reorganized FLI, Inc.," but the Liquidating Trustee has not disputed that it is bound by them, so the Court can focus solely on the three documents identified above.

or develop.

As discussed below, although the Plaintiffs' entitlement to indemnification *ultimately* turns on a determination of good faith, that determination is not a prerequisite to the *advancement* of litigation costs. Therefore, evidence pertaining to the Plaintiffs' good faith is irrelevant at this juncture, and the Plaintiffs' motion may be decided based solely on a consideration of the Complaint, Articles, and Bylaws. The Court will elaborate on the relevant portions of those documents as necessary in the analysis below.

## ANALYSIS

The Plaintiffs' rights of indemnification, including the indemnification of litigation costs, arise from the Articles and Bylaws, so that is where the analysis of both issues begins.

Article VII of the Articles, entitled "Indemnification," provides in pertinent part:

> *Section I. Indemnification.* The Association [Farmland Industries, Inc.] may agree to the terms and conditions upon which any director, officer, employee or agent accepts his office or position and in its bylaws, by contract or in any other manner may agree to indemnify and protect any director [or] officer . . . to the fullest extent permitted by the laws of the State of Kansas.
>
> *Section 2. Limitation of Liability.* Without limiting the generality of the foregoing provisions of this ARTICLE VII, to the fullest extent permitted or authorized by the laws of the State of Kansas, including without limitation the provisions of subsection (b)(8) of Kan. Stat. Ann. § 17-6002 (1981)[11] no person who is currently or shall hereinafter become a director of the Association shall have personal liability to the Association for monetary damages for breach of fiduciary duty as a director for any act or omission occurring subsequent to the date this provision becomes effective. If the Kansas General Corporation Code is amended after approval of this provision by the shareholders of the Association, to authorize corporate action further limiting or eliminating the personal liability of directors, the liability of a director of the Association shall be limited or eliminated to the fullest extent permitted by the Kansas General Corporation Code, as so amended.

Although not a model of clarity, the Articles set forth the basic proposition that the Debtor has agreed to indemnify its directors and officers "to the full extent permitted or authorized by the laws of the State of Kansas." And the Bylaws, which appear to be the only pertinent document addressing the indemnification

---

[11] Under K.S.A. § 17-6002(b)(8) a director or officer may only be indemnified if the acts alleged were committed in good faith.

of the Plaintiff directors and officers,[12] do not alter the broad limits of indemnification established by the Articles. The only pertinent, substantive addition the Bylaws make is that they specifically mention litigation costs as an indemnifiable expense. Article VI, Section 9 of the Bylaws provides:

> *Section 9. Indemnification of Directors, Officers and Employees.* Each person who is or was a director, officer or employee of the Association . . . shall be indemnified by the Association as of right to the full extent permitted or authorized by the laws of the State of Kansas, as now in effect and as hereafter amended, against any liability, judgment, fine, amount paid in settlement, cost and expense (including attorneys' fees) asserted or threatened against and incurred by such person in his capacity as or arising out of his status as a director, officer or employee of the Association . . . .

Thus, according to the plain language of the Articles and Bylaws, the Plaintiffs are entitled to the indemnification of their litigation costs if Kansas law "permits or authorizes" it. So the Court turns its attention to the relevant Kansas law, namely § 17-6305 subsections (b) and (e), to see precisely what Kansas law permits and authorizes.

> (b) A corporation shall have the power to indemnify any person who was or is a party . . . to any threatened, pending or completed action or suit by or in the right of the corporation . . . against expenses actually and reasonably incurred by such person in connection with the defense or settlement of such action or suit, including attorney fees, *if such person acted in good faith* and . . .
>
> (e) Expenses, including attorney fees, incurred by a director or officer in defending a civil, criminal, administrative or investigative action, suit or proceeding *may be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of the director or officer to repay such amount if it is ultimately determined that the director or officer is not entitled to be indemnified by the corporation as authorized in this section.* Such expenses, including attorney fees, incurred by former directors and officers or incurred by other employees and agents may be so paid upon such terms and conditions, if any, as the board of directors deems appropriate. (emphasis added)

The parties' arguments turn on the interpretation and application of these provisions of Kansas law.

**Kansas Law Permits Advancement of Litigation Costs**

---

[12] The parties have not argued or introduced any evidence that other documents, such as employment agreements, that affect the Plaintiffs' indemnification rights.

The Plaintiffs contend that the Liquidating Trustee must advance their litigation costs because the Articles and Bylaws require the Liquidating Trustee to indemnify the Plaintiffs to the full extent permitted by Kansas law and Kansas law (K.S.A. § 17-6305) permits the advancement of litigation costs. The Liquidating Trustee, on the other hand, maintains that § 17-6305 merely allows a corporation to advance litigation costs, "*if* it chooses to do so," (emphasis in original), and the Liquidating Trustee, now standing in the shoes of the corporation (Farmland Industries, Inc.), has not chosen to do so. The Liquidating Trustee does not identify any language in the statute that supports its interpretation of the statute, but instead relies on a line of Delaware cases finding that blanket obligations to indemnify directors and officers to "the full extent permitted by law" do not obligate a corporation to advance legal costs under a similarly worded provision of Delaware law.[13] Although it requires the Court to be in disaccord with the Delaware cases on this issue, the Court believes that the Liquidating Trustee's interpretation of § 17-6305 unnecessarily complicates and misconstrues the plain language of the statute.

As quoted above, § 17-6305(e) states that litigation costs "may be paid by the corporation *in advance of* the final disposition of such action." (emphasis added) The only condition placed upon the advancement of litigation costs is that the putative indemnitee must provide an "undertaking,*" i.e.*, promise,[14] to repay the costs advanced if it is ultimately determined that the director or officer is not entitled to be indemnified by the corporation. Thus, if the Plaintiffs agree to provide an undertaking to repay the costs advanced – which they have already offered – the plain language of § 17-6305 unambiguously permits the Liquidating Trustee to advance their legal costs.

This interpretation of subsection (e) is consistent with the apparent intent of the drafters of the Articles and Bylaws. Quite simply, the Court cannot fathom a broader grant of indemnification rights than the one provided in the Articles and Bylaws. Those documents' repeated use of the phrase "to the full extent of the law" communicates an intent to place only one restriction on the indemnification rights granted

---

[13] The first case advancing this interpretation of 8 Del. C. § 165(e) is *Advanced Mining Sys., v. Fricke*, 623 A.2d 82, 83-85 (Del. Ch. 1992). *See also*, *VonFeldt v. Stifel Fin. Corp.*, 714 A.2d 79, 86 (Del. 1998); *Havens v. Attar,* 1997 WL 55957, *12 (Del. Ch. 1997) (both following *Advanced Mining Sys.* with approval).

[14] *Black's Law Dictionary* 1526 (6th ed. 1990).

8

therein – i.e., their legality – and Kansas law permits the advancement of litigation costs. The Articles and Bylaws may be silent with regard to the advancement of litigation costs, but Article VI, Section 9 of the Bylaws, specifically states that the costs of litigation are indemnifiable. The Court considers the advancement of indemnifiable litigation costs to be a practical timing issue rather than a substantive difference between the indemnification and advancement of litigation costs. The indemnification of legal costs would be rendered largely meaningless unless those legal costs were advanced prior to the conclusion of litigation, since most defendants faced with the magnitude of litigation posed here (which is not atypical) would be unable to fund an effective defense and would likely be compelled to settle for less favorable terms than if they had the financial wherewithal to defend the action.

The Delaware cases cited by the Liquidating Trustee hold that the right to the advancement of funds is fundamentally different from the right to indemnification and, therefore, they reason, the statute should not be read to infringe on a corporation's right to exercise its discretion to advance fees; if a corporation intends to make the advancement of legal costs mandatory, that right must be explicitly provided for.[15] The Court declines to accept that suggestion based on the plain language of § 17-6305(e), the fact that this provision dealing with the advancement of litigation costs is included – without a separate heading or other demarcation – as a co-equal subsection of the general indemnification provisions set forth in § 17-6305, and the practical considerations discussed above.

### Good Faith as a Prerequisite to the Advancement of Litigation Costs

Under K.S.A. § 17-6305(b), directors and officers are not entitled to indemnification unless they committed the allegedly improper acts in good faith. The statute is clear on that point. But the parties disagree as to whether the determination of good faith is a prerequisite to the advancement of litigation costs. The Liquidating Trust argues that the Plaintiffs are not entitled to indemnification of their litigation costs until the Court determines that they acted in good faith and since that determination has not been made (and cannot be made without further discovery), the Court should deny summary judgment on this issue. The Plaintiffs counter that the statute permits the advancement of litigation costs prior to a final

---

[15] *See, e.g., Advanced Mining Sys.,* 623 A.2d at 83-85.

determination of good faith and in support of their position cite several Delaware cases interpreting a substantially similar Delaware statute.

Although § 17-6305(b) (as well as 8 Del. C. § 165) fails to provide explicit guidance on this issue, the Court finds that § 17-6305(b) implicitly authorizes the advancement of litigation costs prior to a final determination of good faith. The statute contains a mechanism by which litigation costs can be advanced before a director's or officer's entitlement to indemnification is ultimately determined, *i.e.*, the promise to repay the money advanced if indemnification is ultimately denied. Since there is no reason to eliminate the absence or presence of good faith as the issue upon which the entitlement to indemnification might be based, what purpose would there be for requiring the directors and officers to promise to repay the advances received, unless litigation costs could be advanced before a final determination of good faith? The Court does not believe there is one. Therefore, the Court finds that the determination of an indemnitee's good faith is not a prerequisite to the advancement of litigation costs under § 17-6305.

The cases cited by the Plaintiffs[16] support this interpretation of Kansas law, and the Liquidating Trustee has not cited any authority to the contrary (nor has the Court found any).

Moreover, to require a determination of good faith as a prerequisite to the advancement of litigation costs would render that right meaningless and the undertaking requirement superfluous where a director's or officer's good faith is at issue. The Liquidating Trustee has already acknowledged in its motion to dismiss this action that the issue of good faith is central to the underlying Fiduciary Lawsuit. Thus, deferring the advancement of litigation costs until that issue is resolved in the Fiduciary Lawsuit, which has been procedurally consolidated with this case, would deprive the Plaintiffs of a right to which they are entitled to by contract and statute.

---

[16] *See Senior Tour Players 207 Management Co.LLC v. Golftown 207 Holding Co.*, 853 A.2d 124, 128 (Del. Ch. 2004) ("[T]his court has consistently held that advancement and indemnification, although obviously related, are 'distinct types of legal rights' and the right to advancement is not ordinarily dependent upon a determination that the party in question will ultimately be entitled to be indemnified."); *Reddy v. Electronic Data Systems Corp.*, 2002 WL 1358761, *5 (Del. Ch. 2002) ("It is highly problematic to make the advancement right of such officials dependent on the motivation ascribed to their conduct by the suing parties. To do so would be to largely vitiate the protections afford by § 145 and contractual advancement rights.")

11

## CONCLUSION

For the reasons sated above, the Court finds that the Plaintiffs are entitled to the advancement of their litigation costs associated with the defense of the Indemnity action. Accordingly, the Liquidating Trustee shall advance the Plaintiffs' litigation costs on the following terms:

1. The Plaintiffs shall provide to the Liquidating Trustee an undertaking to repay all amounts advanced pursuant to this Memorandum Opinion within 10 days.

2. The Plaintiffs' Litigation costs incurred through September 31, 2005, shall be advanced within 30 days of the entry of this Memorandum Opinion.

3. Starting on November 1, 2005, the Plaintiffs shall submit to the Liquidating Trustee monthly requests for reimbursement.

4. The Liquidating Trustee shall fulfill Plaintiffs' reimbursement requests within 10 days of their receipt.

A separate order consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 11th day of October 2005.

                                                                 /s/ Jerry W. Venters
                                                                United States Bankruptcy Judge

Copy of the foregoing mailed electronically or
conventionally to:
Laurence M. Frazen
Mark Moedritzer
Cynthia Dillard Parres
Todd W. Ruskamp
Michael J Small